**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JOHN DOE,                                      )
                                               )
                Plaintiff,                     )
                                               )
v.                                             )        Case No. CIV-25-1186-J
                                               )
DEPARTMENT OF REHABILITATION                   )
SERVICES, et al.,                              )
                                               )
                Defendants.                    )

**ORDER**

Before the Court are the Motion to Dismiss of Defendants Oklahoma Department of

Rehabilitation Services (DRS), Melissa Kaiser (Kaiser), and Theresa von Schultes (von Schultes),

in their official capacities [Doc. No. 12] and the Motion to Dismiss of Defendants Kaiser and von

Schultes in their individual capacities [Doc. No. 11]. Plaintiff has filed responses, and Defendants

have filed replies.

**I.      Background**

Plaintiff, who is proceeding pro se, has filed this case, asserting numerous causes of action

seeking damages, declaratory judgment, and injunctive relief against DRS, Kaiser, and von

Schultes (Defendants) pursuant to 42 U.S.C. §§ 1983 and 1985, the Rehabilitation Act of 1973,

and the Americans with Disabilities Act and under Oklahoma law. Specifically, Plaintiff alleges:

> Acting under color of state law, Defendants engaged in a conspiracy
> to punish Plaintiff for exercising his First Amendment right to
> petition for redress. This unlawful campaign included the pretextual
> and warrantless seizure and search including disclosure of Plaintiff's
> highly sensitive and statutorily protected records to law
> enforcement; making knowingly false and defamatory statements to
> police to instigate a baseless investigation; unlawfully denying and
> threatening to terminate that resulted in wrongful termination from
> the vocational rehabilitation services to which he is entitled; and
> formally denying him his statutory right to a hearing, in violation of
> the First, Fourth, and Fourteenth Amendments and Oklahoma law.

Complaint [Doc. No. 1] at 1-2. Defendants have moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1),(6).

## II.    <u>Standard of Review</u>

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

### III.    <u>Analysis</u>

**A.    Count I – 42 U.S.C. §1983 Claim For First Amendment Retaliation Against Kaiser And Von Schultes, In Their Individual Capacities**

Plaintiff alleges he filed a formal internal complaint regarding the conduct of Rachel Morgen, a DRS employee, on July 16, 2025, and in direct retaliation, Kaiser and von Schultes subjected him to severe adverse actions, including making a knowingly false and inflammatory police report against him, instigating a police interrogation at his family home, constructively denying him all vocational services, refusing to develop his Individualized Plan for Employment (IPE), and threatening and terminating his eligibility. *See* Complaint at 10.  To state a claim for First Amendment Retaliation, Plaintiff must plead facts showing:  (1) he was engaged in constitutionally protected activity; (2) Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) Defendants' adverse action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct.  *See Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). Having carefully reviewed Plaintiff's Complaint, the Court finds that Plaintiff has alleged sufficient factual matter, accepted as true, to state a First Amendment retaliation claim against Kaiser and von Schultes.  Accordingly, the Court finds that Count I should not be dismissed.

**B.    Count II – 42 U.S.C. §1983 Claim For Fourth Amendment Warrantless Seizure Against Kaiser And Von Schultes, In Their Individual Capacities**

Plaintiff alleges that Kaiser and von Schultes disclosed the contents of his DRS case file, containing his private medical, financial, and personal identifying information, to the Enid Police Department in violation of the Fourth Amendment.  The United States Supreme Court has held:

> the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the

> assumption that it will be used only for a limited purpose and the
> confidence placed in the third party will not be betrayed.

*United States v. Miller*, 425 U.S. 435, 443 (1976). In light of *Miller*, the Court concludes that Plaintiff has not stated a Fourth Amendment warrantless seizure claim against Kaiser and von Schultes. Accordingly, the Court finds that Count II should be dismissed.

**C.    Count III – 42 U.S.C. §1983 Claim For Violation Of Fourteenth Amendment Procedural Due Process Against Kaiser And Von Schultes, In Their Individual And Official Capacities**

Plaintiff alleges that as a statutorily eligible individual for vocational rehabilitation services under both federal and state law, he possessed a protected property interest in receiving those services from DRS and that Defendants deprived him of this property interest without due process. The federal statute that establishes eligibility for vocational rehabilitation services, however, specifically states that "[n]othing in this paragraph shall be construed to create an entitlement to any vocational rehabilitation service." 29 U.S.C. § 722(a)(3)(B). Accordingly, Plaintiff did not possess a protected property interest in receiving federal services. Additionally, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). Thus, Plaintiff may not maintain a Fourteenth Amendment procedural due process claim against Kaiser and von Schultes, in their official capacities. Accordingly, the Court finds that Count III should be dismissed.

**D.    Count IV – 42 U.S.C. §1985(3) Claim For Conspiracy To Interfere With Civil Rights Against Kaiser And Von Schultes, In Their Individual Capacities**

Plaintiff alleges Kaiser and von Schultes conspired for the purpose of depriving him of the equal protection, privileges, and immunities of the laws in order to punish him for exercising his First Amendment rights and to unlawfully deny him government services. Plaintiff further alleges that Kaiser and von Schultes "engaged in overt acts in furtherance of the conspiracy, including

4

jointly searching for a pretext to terminate Plaintiff's services; communicating with one another to coordinate their retaliatory actions; jointly making a false police report; and jointly disclosing Plaintiff's confidential file to law enforcement." Complaint at ¶ 52. Kaiser and von Schultes contend Plaintiff's allegations are insufficient to state a § 1985(3) conspiracy claim.

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). "To be entitled to relief on a claim of civil conspiracy, [a] plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Gowadia v. Stearns*, 596 F. App'x 667, 671 (10th Cir. 20214) (internal quotations and citations omitted). "The bare assertion that certain officials 'conspired' is exactly the kind of conclusory statement [a court is] not to consider when assessing a motion to dismiss." *Id.* Additionally, parallel action "does not necessarily indicate an agreement to act in concert. *See Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004).

Having carefully reviewed Plaintiff's Complaint, the Court concludes Plaintiff has failed to state a § 1985(3) conspiracy claim against Kaiser and von Schultes. Specifically, the Court finds Plaintiff has not sufficiently alleged a meeting of the minds or agreement among Kaiser and von Schultes. Plaintiff's conclusory allegations that Kaiser and von Schultes jointly engaged in certain activities and communicated with each other are not sufficient to indicate an agreement to act in concert. Accordingly, the Court finds that Count IV should be dismissed.

### E.     Count V – Rehabilitation Act of 1973 Against DRS

Plaintiff alleges DRS discriminated against him in violation of the Rehabilitation Act of 1973.  The Rehabilitation Act of 1973 "operates under the procedural constraints of Title VII of the Civil Rights Act of 1964." *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1478 (10th Cir. 1989).  "This means that such actions are subject to 42 U.S.C. § 2000e-16(c)'s requirement of naming the head of the department, agency, or unit as the defendant." *Id.* (internal quotations omitted).  *See also Louissaint v. Collins*, 795 F. Supp. 3d 288, 299 (D. Mass. 2025); *Meyer v. Runyon*, 869 F. Supp. 70, 76 (D. Mass. 1994).  Because Plaintiff has named the Department of Rehabilitation Services, rather than the head of the Department of Rehabilitation Services, the Court concludes that Count V should be dismissed.

### F.     Count VI – Americans with Disabilities Act (ADA) Against DRS

Plaintiff alleges DRS excluded him from participation in, and denied him the benefits of, its services by reason of his disability by imposing unlawful barriers and constructively denying the development of his Individualized Plan for Employment (IPE).  Plaintiff further alleges that DRS retaliated against Plaintiff for engaging in protected activity by opposing discriminatory practices and advocating for his rights under the ADA.  To state an ADA claim, Plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *See Gohier v, Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).  DRS asserts that Plaintiff has not adequately pled an ADA claim because Plaintiff's complaint contains only conclusory statements that DRS discriminated against him

6

because of his disability without providing any further information as to how or why the denial was due to his disability.

Having carefully reviewed Plaintiff's Complaint, the Court concludes Plaintiff has failed to state an ADA claim against DRS. Specifically, the Court finds that Plaintiff's allegations are conclusory and do not set forth sufficient facts showing that the denial of his benefits and/or retaliation was because of his disability. Accordingly, the Court finds that Count VI should be dismissed.

### G.    Count VII – Violation of Oklahoma Constitution Against All Defendants

In Count VII, Plaintiff alleges the following:

> 67.    The Oklahoma Constitution provides inherent rights and protections against governmental overreach. Article II, § 2 guarantees inherent rights; Article II, § 7 provides for due process; Article II, § 22 protects speech and the right to petition; and Article II, § 30 protects against unreasonable searches or seizures.
> 68.    Defendants' actions, including depriving Plaintiff of his property interest in vocational services without due process, retaliating against him for petitioning for redress, and executing a warrantless seizure of his private papers, violated his rights secured by the Oklahoma Constitution.

Complaint at 16. These conclusory assertions, devoid of any factual allegations, are insufficient to state a claim for a violation of the Oklahoma Constitution. Accordingly, the Court finds that Count VII should be dismissed.

### H.    Count VIII – Defamation Against Kaiser and Von Schultes, In Their Individual Capacities

Plaintiff alleges that Kaiser and von Schultes made false and unprivileged statements to officers of the Enid Police Department that Plaintiff was a "sex offender" and a "danger to the community." To state a defamation claim, Plaintiff must allege "(1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence

7

on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Civ. App. 2002). Having carefully reviewed Plaintiff's Complaint, the Court finds that Plaintiff has alleged sufficient factual matter, accepted as true, to state a defamation claim against Kaiser and von Schultes. In their motion to dismiss, Kaiser and von Schultes contend that their communications with the Enid police officers were privileged, thereby precluding a defamation claim. Whether the communications were privileged involves a factual determination that is not appropriate at the motion to dismiss phase. *See Johnson v. Inglis*, 123 P.2d 272, 274 (Okla. 1942) ("the question of privilege or no privilege where the circumstances under which the communication was made are not disputed is entirely one of law for the judge, but, where such circumstances are in doubt, the jury must find what they were"). Accordingly, the Court finds that Count VIII should not be dismissed

## I.    Count IX – False Light/Invasion of Privacy Against Kaiser and Von Schultes, In Their Individual Capacities

Plaintiff alleges that Kaiser and von Schultes "gave publicity to matters concerning the Plaintiff that placed him before the public in a false light by making a false police report accusing him of being a 'sex offender' and 'serial killer'." Complaint at ¶ 75. To state a false light claim, Plaintiff must allege (1) the plaintiff was portrayed in a false light, (2) the false portrayal would be highly offensive to a reasonable person such that the plaintiff would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity, and (3) the publisher had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false light in which the other would be placed. *See Grogan v. KOKH, LLC*, 256 P.3d 1021, 1030 (Okla. Civ. App. 2011). Having carefully reviewed Plaintiff's Complaint, the Court concludes Plaintiff has failed to state a false light/invasion of privacy claim against Kaiser and von Schultes.

Specifically, the Court finds that Plaintiff has not set forth sufficient facts showing that Kaiser or von Schultes had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter.  Accordingly, the Court finds that Count IX should be dismissed.

**J.    Count X – Breach of Confidentiality Against Kaiser and Von Schultes In Their Individual Capacities**

Plaintiff alleges that Kaiser and von Schultes breached their statutory duty of confidentiality by disclosing Plaintiff's entire file to the Enid Police Department without his consent, a court order, or other legal justification in violation of Okla. Stat. tit. 63, § 1-502.2.  This statute applies to "all information and records created, received, investigated, held, or maintained by the State Department of Health".  Okla. Stat. tit. 63, § 1-502.2(A).  Because the records at issue are not maintained by the State Department of Health, the Court finds that Count X should be dismissed.

**K.    Count XI – Intentional Infliction of Emotional Distress Against Kaiser and Von Schultes In Their Individual Capacities**

Plaintiff alleges the report Kaiser and von Schultes made to the police was extreme and outrageous and he suffered emotional distress as a result.  To state an intentional infliction of emotional distress claim, Plaintiff must allege (1) Defendants acted intentionally or recklessly; (2) Defendants' conduct was extreme and outrageous; (3) Defendants' conduct caused Plaintiff emotional distress; and (4) the resulting emotional distress was severe.  *See Warren v. United States Specialty Sports Ass'n*, 138 P.3d 580, 585 (Okla. Civ. App. 2006).  Having carefully reviewed Plaintiff's Complaint, the Court finds that Plaintiff has alleged sufficient factual matter, accepted as true, to state an intentional infliction of emotional distress claim against Kaiser and von Schultes.  Accordingly, the Court finds that Count XI should not be dismissed.

L. **Count XII – Negligence/Negligent Hiring, Training, and Supervision Against All Defendants**

Plaintiff alleges that DRS owed a duty to properly hire, train, and supervise its employees on the constitutional rights of its clients and strict confidentiality requirements. DRS asserts that while Plaintiff has alleged compliance with the Governmental Tort Claims Act (GTCA), Plaintiff failed to provide the requisite notice under the GTCA. In his response, Plaintiff neither alleges nor provides any proof that he provided the requisite notice to DRS.

Plaintiff also alleges Kaiser and von Schultes owed him a duty of reasonable care and breached this duty by unlawfully disclosing his confidential file, making false reports, and wrongfully denying him services. To state a negligence claim, Plaintiff must allege (1) a duty owed by the Defendants to protect him from injury, (2) a failure to properly exercise or perform that duty, and (3) his injuries are proximately caused by Defendants' failure to exercise their duty of care. *McKellips v. Saint Francis Hosp., Inc.*, 741 P.2d 467, 470 (Okla. 1987). To the extent that Plaintiff is alleging a negligence claim against Kaiser and von Schultes in their individual capacities, the Court concludes that this claim should be dismissed because Kaiser and von Schultes, individually, had no duty of reasonable care. *See Cooper v. Millwood Indep. Sch. Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. Ct. App. 1994). To the extent that Plaintiff is alleging a negligence claim against Kaiser and von Schultes in their official capacities, the claim should be dismissed for failure to provide the requisite notice to DRS.

Accordingly, the Court finds that Count XII should be dismissed.

IV. **Conclusion**

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss of Defendants DRS, Kaiser, and von Schultes, in their official capacities [Doc. No. 12] and the Motion to Dismiss of Defendants Kaiser and von Schultes in their individual

capacities [Doc. No. 11] as follows:  the Court DENIES the motions to dismiss as to Counts I, VIII, and XI, GRANTS the motions to dismiss as to Counts II, III, IV, V, VI, VII, IX, X, and XII, and DISMISSES Counts II, III, IV, V, VI, VII, IX, X, and XII.

IT IS SO ORDERED this 26th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE